# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Chester J. Duda,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:16-cv-02108-JAD-VCF

**Order Granting Application to Proceed** *in forma pauperis*, **Directing Service on Respondents, and Setting Briefing Schedule**

[ECF No. 1]

    Nevada state-prison inmate Chester J. Duda has submitted a § 2254 petition along with an application to proceed *in forma pauperis*. Because Duda's IFP application and supporting documents show that he is unable to pay the filing fee, I grant his application to proceed *in forma pauperis* and screen his petition under Rule 4 of the Rules Governing § 2254 Cases. Because it is not clear from the face of Duda's petition that he is not entitled to relief, I instruct the Clerk to file the petition and electronically serve it on respondents and I order the respondents to file a response by **January 31, 2017.**

    Duda is cautioned that a federal habeas petition should include all claims that he believes entitle him to federal habeas relief. If he fails to include a claim in this petition, he may be forever barred from seeking federal habeas relief on that claim.[1] If Duda wishes to add any claim to his petition, he should file a motion to amend his petition as soon as possible.

## Conclusion

    Accordingly, IT IS HEREBY ORDERED that Duda's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED.**

    The Clerk of Court is directed to FILE and electronically SERVE Duda's petition **[ECF No. 1-1] on respondents** and add Adam Paul Laxalt, Nevada Attorney General, as counsel for

---

[1] *See* 28 U.S.C. §2254(b) (barring successive petitions).

respondents.

IT IS FURTHER ORDERED that respondents must respond to the petition by **January 31, 2017.** Any response must comply with Habeas Rule 5:

1. Any procedural defenses must be raised together in a single consolidated motion to dismiss. Any procedural defenses not raised in the motion may be subject to waiver.

2. Respondents must not consolidate their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so in a dismissal motion, not the answer; and (b) they must direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

3. In any answer filed on the merits, respondents must cite to and address the applicable state-court decision and record materials, if any, that pertain to each claim.

4. Duda will have 45 days from service of the response to file a reply or opposition. All other requests for relief by respondents or Duda will be subject to the normal briefing schedule under this court's local rules.

5. Any additional state-court record exhibits filed by either party must be filed with a separate index of exhibits identifying the exhibits by number. Any CM/ECF attachments must be identified by the number of the exhibit in the attachment.

6. The parties must send courtesy copies of all exhibits to the Clerk of Court, 400 S. Virginia St. Reno, NV, 89501, Attention "Staff Attorney."

Dated: November 1, 2016.

_____
Jennifer A. Dorsey
United States District Judge