# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Chester J. Duda, | 2:16-cv-02108-JAD-VCF |
| Petitioner | **Order Granting in Part Motion to Dismiss** |
| v. | [ECF No. 14] |
| Brian E. Williams, Sr., et al., | |
| Respondents | |

Pro se petitioner Chester Duda is serving a sentence at the High Desert State Prison for using technology to lure children and attempted lewdness with a minor.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254, and respondents move to dismiss it.[2] I grant the motion in part.

### Procedural History and Background

On April 11, 2013, Duda pled guilty under *North Carolina v. Alford*[3] to count 1: attempted lewdness with a child under the age of 14; and count 2: luring children or mentally ill persons with the intent to engage in sexual conduct.[4] The state district court sentenced Duda to a term of 48–150 months on count 1 and 48–120 months on count 2, to run concurrently.[5] Judgment of conviction was filed on August 23, 2013,[6] and Duda did not file a direct appeal.

---

[1] NEVADA DEP'T OF CORRECTIONS (Jan. 23, 2018) http://doc.nv.gov/Inmates/Home/ (inmate search by name Chester Duda or by offender ID 1107359); *see also* ECF No. 1-1 at 2.

[2] ECF Nos. 1-1; 14.

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[4] Ex. 13. Exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF No. 14). The exhibits are filed at ECF Nos. 15–17.

[5] Ex. 15.

[6] Ex. 17.

On July 29, 2014, Duda filed a state postconviction petition, in which he claimed that his counsel had failed to file a direct appeal as he had requested.[7]  The state district court appointed counsel, conducted an evidentiary hearing, and denied the petition.[8]  The Nevada Court of Appeals affirmed the denial on August 17, 2016, and remittitur issued a month later.[9]

Duda dispatched his federal habeas petition for filing on August 31, 2016.[10]  Respondents now argue that several grounds should be dismissed because they are unexhausted or noncognizable as grounds for federal habeas corpus relief.[11]

**Discussion**

**A.    Legal standards and analysis**

*1.    Guilty plea and federally cognizable claims*

In *Tollett v. Henderson*,[12] the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[13]  A petitioner may only attack the voluntary and intelligent character of the guilty plea.[14]  When a petitioner has entered a guilty plea then seeks to claim that his counsel rendered ineffective assistance, that claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead

---

[7] Ex. 21.

[8] Exs. 45, 60, 63.

[9] Exs. 72, 73.

[10] ECF No. 4.

[11] ECF No. 11.

[12] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[13] *Id.*

[14] *Id.*

guilty.[15]

        *a.*     *Grounds 2, 7, 8, 9, 10, and supplemental ground 1*

Respondents argue that several of Duda's grounds are barred under *Tollett*.[16] Duda claims these grounds:

- Ground 2: before he pled guilty, police failed to obtain a warrant before looking at the contents of his phone;[17]

- Ground 7: he was seized without a warrant, probable cause, or *Miranda* warnings;[18]

- Ground 8: he was denied counsel during police questioning;[19]

- Ground 9: counsel did not seek a *Brady* disclosure of all material in possession of the prosecution;[20]

- Ground 10: counsel did not review the victim's medical records with him;[21] and

- Supplemental ground 1: the victim's medical exam results were not revealed to him.[22]

Respondents are correct that grounds 2, 7, and 8 are foreclosed by *Tollett*. Grounds 9, 10, and supplemental ground 1, however, are claims that involve whether Duda entered his guilty plea

---

[15] *Fairbank v. Ayers*, 650 F.3d 1243, 1254–55 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266–67 and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

[16] ECF No. 14 at 4–5.

[17] ECF No. 4 at 5–6.

[18] *Id.* at 20.

[19] *Id.* at 22.

[20] *Id.* at 24.

[21] *Id.* at 26–28.

[22] ECF No. 11 at 3–4.

knowingly and voluntarily.  Therefore, they are not barred by *Tollett*.

### 2.  *Exhaustion*

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.[23]  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.[24]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[25]

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[26]  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[27]  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[28]  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."[29]  "[G]eneral appeals to broad constitutional principles, such as due

---

[23] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[24] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[25] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[26] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[27] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276).

[28] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[29] *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."[30] However, citation to state caselaw that applies federal constitutional principles will suffice.[31]

A claim is not exhausted unless the petitioner has presented the state court with the same operative facts and legal theory upon which his federal habeas claim is based.[32] The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.[33]

*a.*      *Grounds 3, 4, 5, 6, 9, 10, 11 and supplemental grounds 1 and 2*

In these grounds, Duda claims that:

- Ground 3: counsel was ineffective for failing to have Duda present when final judgment was issued days after he was sentenced;[34]

- Ground 4: counsel was ineffective for allowing the court to impose a penalty for an ambiguous charge;[35]

- Ground 5: counsel was ineffective for failing to raise on appeal that the court violated state procedural law in regard to penalties and sentencing procedures;[36]

- Ground 6: the prosecutor paid witnesses to testify;[37]

- Ground 9: counsel did not seek a *Brady* disclosure of all material in possession of

---

[30] *Hiivala*, 195 F.3d at 1106 (citations omitted).

[31] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[32] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[33] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[34] ECF No. 4 at 8–9.

[35] *Id.* at 11–12.

[36] *Id.* at 14–16.

[37] *Id.* at 18.

the prosecution;[38]

- Ground 10: counsel did not review the victim's medical records with him;[39]
- Ground 11: his sentence is cruel and unusual in violation of the Eighth Amendment;[40]
- Supplemental ground 1: the victim's medical-exam results were not revealed to Duda;[41] and
- Supplemental ground 2: the court improperly observed at sentencing that Duda had been "grooming" the victim.[42]

Respondents argue that these grounds are unexhausted.[43]  They point out that Duda did not file a direct appeal and that the only claim he raised to the Nevada Supreme Court on appeal of the denial of his state postconviction petition was that he was deprived of his ability to file a direct appeal.[44]  Respondents are correct; these grounds are unexhausted.  Duda responds—and surreplies—only that his claims are meritorious, but he ignores the exhaustion issue.[45]

### b.    Ground 1

Finally, respondents move to dismiss ground one as too conclusory.[46]  In federal habeas proceedings, notice pleading is not sufficient.  Mere conclusions of violations of federal rights

---

[38] *Id.* at 24.

[39] *Id.* at 26–28.

[40] *Id.* at 30–32.

[41] ECF No. 11 at 3–4.

[42] *Id.* at 6–7.

[43] ECF No. 14 at 2–4.

[44] ECF No. 4 at 3; *see also* ex. 9.

[45] ECF Nos. 20, 22.

[46] ECF No. 14 at 7.

without specifics do not state a basis for federal habeas relief.[47]  A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false."[48]

Duda alleges in ground 1 that his counsel was ineffective for failing to file a direct appeal per Duda's request.[49]  I find that Duda's pro se pleading of ground 1 is clear enough and not palpably incredible or frivolous.  So, I decline to dismiss his claim as conclusory.

### 3.    Petitioner's options for his unexhausted claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state-court remedies with respect to *all* claims in the petition.[50]  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[51] Because several of Duda's claims are unexhausted, he now must choose one of three options:

1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.    He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims. Regarding the third option, a district court has discretion to stay a petition that it may validly consider on the merits.[52]  But the Supreme Court in *Rhines v. Weber* held that a mixed petition

---

[47] *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

[48] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[49] ECF No. 4 at 3.

[50] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[51] *Id.*

[52] *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

will only be stayed and abeyed in rare circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").[53]

If petitioner wishes to ask for a stay, he must file a stay-and-abeyance motion in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and shows that his unexhausted claims are not plainly meritless.

If Duda does not choose any of these options or otherwise fails to respond to this order, his petition will be dismissed without further prior notice. Duda is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whichever choice he makes.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 14]** is **GRANTED in part** as follows:

- **Grounds 2, 7, and 8 are DISMISSED**.
- **Grounds 3, 4, 5, 6, 9, 10, 11 and supplemental grounds 1 and 2 are deemed UNEXHAUSTED**.

IT IS FURTHER ORDERED that **Duda has until February 23, 2018,** to either: (1) inform this court in a **sworn declaration that he wishes to formally and forever abandon the unexhausted grounds** for relief in his federal habeas petition and proceed on the exhausted grounds; (2) inform this court in a **sworn declaration that he wishes to dismiss this petition**

---

[53] *Rhines*, 544 U.S. at 277.

8

**without prejudice** in order to return to state court to exhaust his unexhausted claims; **or (3) file a motion for a stay and abeyance**, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Duda chooses to file a motion for a stay and abeyance, or seeks other appropriate relief, respondents may respond according to Local Rule 7-2.

IT IS FURTHER ORDERED that if Duda elects to abandon his unexhausted grounds, respondents will have 30 days from the date that Duda serves his declaration of abandonment in which to answer on the remaining grounds. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition, and it must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Duda will then have 30 days following service of respondents' answer to reply.

IT IS FURTHER ORDERED that **if petitioner fails to respond to this order within the time permitted, this case may be dismissed**.

DATED: January 24, 2018.

_____
U.S. District Judge Jennifer A. Dorsey