# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHESTER J. DUDA,

    Petitioner

v.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents

Case No. 2:16-cv-02108-JAD-VCF

**Order Denying Motions to Stay and to Extend Prison Copywork Limit**

[ECF Nos. 27, 31, 34]

    Pro se petitioner Chester Duda brings this habeas petition under 28 U.S.C. § 2254 to challenge his state-court conviction after a guilty plea and sentence for using technology to lure children and attempted lewdness with a minor. On respondents' motion, I determined that Duda's petition is a mixed one containing both exhausted and unexhausted claims, and I gave Duda the option of abandoning his unexhausted claims or returning to state court to exhaust them with or without a stay of this action.[1] Duda responded by moving for a stay and abeyance under *Rhines v. Weber* while he returns to state court to exhaust all grounds of the petition.[2] Because Duda has failed to satisfy the *Rhines* standard, I deny his motions to stay and give him until October 22, 2018, to advise the court how he intends to proceed.

---

[1] ECF No. 16.

[2] ECF No. 27. Respondents opposed the motion to stay, ECF No. 28, and Hill replied. ECF No. 29. Duda filed an additional motion to stay at ECF No. 34.

**Discussion**

**A.    A *Rhines* stay is available only with a showing of good cause for failing to exhaust meritorious claims.**

In *Rhines v. Weber*, the United States Supreme Court limited the trial court's ability to grant a stay while a habeas petitioner returns to state court to exhaust claims.[3] Under *Rhines*, the court may stay a mixed petition if (1) the habeas petitioner shows good cause; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in dilatory litigation tactics.[4] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust a claim in state court.[5] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[6] "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[7]

**B.    Duda has not shown that a *Rhines* stay is available to him [ECF Nos. 27. 34].**

In my order dated January 24, 2018, I granted respondents' motion to dismiss in part and concluded that Duda's grounds 3, 4, 5, 6, 9, 10, 11 and supplemental grounds 1 and 2 are unexhausted.[8] Duda explains that he "was under the impression" that his counsel exhausted these claims in state court.[9] Respondents argue that Duda's confusion as to whether those claims

---

[3] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[4] *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[5] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[6] *Id*.

[7] *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278); *see also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

[8] ECF No. 26.

[9] ECF No. 27.

were exhausted does not constitute good cause.[10] They point out that in *Wooten v. Kirkland*, the Ninth Circuit rejected the contention that the petitioner had demonstrated good cause because it was his "impression" that his counsel had exhausted a claim.[11] The court reasoned:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in "limited circumstances."[12]

Duda also contends that "since grounds 3, 4, 5, 6, 9 and 10 were part of counsel's fast track statement," he thought they were exhausted.[13] However, in his appeal of the denial of the state postconviction petition, Duda raised only the claim that his plea counsel had failed to file a direct appeal.[14] Several months after Duda filed his motion for stay, he apparently realized the flaw in his argument for stay and filed what he styled as another motion for stay.[15] In it, he changes tack and argues that he did not authorize his counsel to file the fast-track statement and thought counsel would merely file a notice of appeal in the state district court, which he thought would lead to the Nevada Supreme Court reviewing the entire state postconviction proceedings.

Neither of these arguments demonstrates good cause,[16] and Duda has not addressed the second and third prongs of the *Rhines* analysis in either filing. Accordingly, I find that Duda has

---

[10] ECF No. 28 at 2–3.

[11] *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

[12] *Id.*

[13] ECF No. 27 at 1–2.

[14] Exh. 69.

[15] ECF No. 34.

[16] In Duda's *pro se* state postconviction petition and in the counseled supplemental petition, Duda raised federal grounds 3, 4, 5, 6, 9, 10. Supplemental ground 1 appears largely duplicative of ground 10. *Compare* ECF No. 4 at 26–28 *with* ECF No. 11 at 3-3A. Exh. 21; Exh. 28; Exh. 57. The state district court conducted an evidentiary hearing and denied the claims on the merits.

3

not demonstrated that he is entitled to a stay and abeyance. Duda must now inform this court in a sworn declaration by October 22, 2018, whether he will (1) formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.[17]

### C. This court will not extend Duda's copywork limit for his state-court case [ECF No. 31].

Duda also asks this court to extend his prison copywork limit for a state-court action that he is litigating.[18] Because Duda is not seeking to extend his limit for *this* case, his motion is denied.

### Conclusion

IT IS THEREFORE ORDERED that petitioner's motion to extend copywork limit **[ECF No. 31] is DENIED.**

IT IS FURTHER ORDERED that petitioner's motions for stay and abeyance **[ECF Nos. 27, 34] are DENIED**.

IT IS FURTHER ORDERED that **petitioner must inform this court in a sworn declaration by October 22, 2018, whether he will (1) formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.** If he elects to abandon his unexhausted grounds, respondents will have 30 days from the date petitioner serves his declaration of abandonment to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to the surviving grounds and must comply with Rule 5 of the Rules

---

Exh. 63. Thus, most of the unexhausted claims were addressed on their merits by the state district court.

[17] Duda is cautioned that statutes of limitation and other deadlines may have run or will run, and he alone is responsible for ensuring the timeliness of his claims.

[18] *See* ECF No. 31 (explaining that his Eighth Judicial District Court case "is now heading to the Supreme Court which approximately $25.00–$30.00 of copywork will be needed").

4

Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  Petitioner will have 30 days following service of respondents' answer to file a reply.  **If petitioner fails to respond to this order within the time permitted, this case may be dismissed without further prior notice**.

Dated: September 21, 2018

_____
U.S. District Judge Jennifer A. Dorsey