# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Chester J. Duda, | Case No.: 2:16-cv-02108-JAD-VCF |
| Petitioner | |
| v. | **Order Denying Petition for Federal Habeas Relief** |
| Brian Williams, et al., | [ECF Nos. 4, 11] |
| Respondents | |

Pro se petitioner Chester J. Duda is serving a state prison sentence after pleading guilty to attempted lewdness with a child under the age of 14 (count 1) and luring children or mentally ill persons with the intent to engage in sexual conduct (count 2).[1] Duda seeks a writ of habeas corpus under 28 U.S.C. § 2254[2] on two remaining claims: ineffective assistance of counsel and violations of the Eighth Amendment's prohibition against cruel and unusual punishment.[3] I now review these claims on their merits and find that Duda is not entitled to federal habeas relief on either ground. So I deny his petition and a certificate of appealability, and I direct the Clerk of Court to enter judgment and close this case.

## Background and Procedural History

On January 14, 2013, Duda was charged with three counts of sexual assault with a minor under the age of 14 and eight counts of lewdness with a child under the age of 14.[4] On April 11, 2013, following negotiations, Duda's charges were reduced to two counts: attempted lewdness with a child under the age of 14 (count 1) and luring children or mentally ill persons with the

---

[1] ECF No. 4 at 2.
[2] ECF Nos. 4, 11.
[3] *Id.*
[4] ECF No. 15-7.

intent to engage in sexual conduct (count 2).[5] Judgment of conviction was filed on August 23, 2013.[6] Duda did not file a direct appeal. On July 29, 2014, he filed a state postconviction petition in which he claimed that his counsel had failed to file a direct appeal as he requested.[7] The state district court appointed counsel, conducted an evidentiary hearing, and denied Duda's petition.[8] The Nevada Court of Appeals affirmed the denial on August 17, 2016.[9]

Duda initiated his federal habeas petition a few weeks later.[10] He also filed a supplemental petition to add three more claims.[11] Respondents filed a motion to dismiss,[12] and I granted the motion in part, dismissing three of Duda's claims from his initial petition and classifying seven claims from his initial petition and two from his supplemental petition as unexhausted.[13] Duda then abandoned his unexhausted claims.[14] Respondents have now answered the two remaining claims in Duda's petition,[15] and Duda has replied.[16]

---

[5] ECF No. 15-12.
[6] ECF No. 15-17.
[7] ECF No. 15-21.
[8] ECF Nos. 16-18, 17-7, 17-10.
[9] ECF Nos. 17-19, 17-20.
[10] ECF No. 1.
[11] ECF No. 11.
[12] ECF No. 14.
[13] ECF No. 26.
[14] ECF No. 40.
[15] ECF No. 42.
[16] ECF No. 43.

**Discussion**

A. **Legal standards**

  1. *Federal habeas review*

Federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act, also known as "AEDPA." If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[17] A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[18] And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[19] Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[20] The "objectively unreasonable" standard is difficult to satisfy;[21] "even 'clear error' will not suffice."[22]

---

[17] 28 U.S.C. § 2254(d).

[18] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[19] *White v. Woodall*, 572 U.S. 415, 424–27 (2014).

[20] *White*, 572 U.S. at 424–27.

[21] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[22] *Wood v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

Under AEDPA, the bar is high,[23] and federal habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[24] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[25] "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[26] AEDPA "thus imposes a 'highly deferential standard for evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[27]

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim de novo.[28] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[29] but state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[30]

---

[23] As the United States Supreme Court acknowledged in *Harrington v. Richter,* 562 U.S. 86, 102 (2011), "[i]f this standard is difficult to meet, that is because it was meant to be."

[24] *Harrington*, 562 U.S. at 102.

[25] *Id.* at 103.

[26] *Id.* at 101.

[27] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

[28] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[29] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[30] 28 U.S.C. § 2254(e)(1).

### 2. *Ineffective assistance of counsel*

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[31] Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[32] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[33] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[34]

A reasonable probability is "probability sufficient to undermine confidence in the outcome."[35] Any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct so as to avoid the distorting effects of hindsight.[36] "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practice or most common custom."[37] The burden is on the petitioner to overcome the presumption that counsel made sound trial-strategy decisions.[38]

---

[31] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[32] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[33] *Id.* at 690.

[34] *Id.* at 694.

[35] *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000)

[36] *Strickland*, 466 U.S. at 689.

[37] *Harrington*, 562 U.S. at 104.

[38] *Id.*

5

**B.      Evaluating Duda's claims**

*1.      Ground 1: ineffective assistance of counsel*

Duda claims that his trial counsel was ineffective for failing to file a direct appeal.[39] If the state court has already rejected an ineffective-assistance claim, as is the case here, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard.[40] There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[41]

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential,"[42] and when the two apply in tandem, review is "doubly" so.[43] The *Strickland* standard is a general one, so the range of reasonable applications is substantial.[44] Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.[45] "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."[46]

---

[39] ECF No. 4 at 3.
[40] *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).
[41] *Id.*
[42] *Id.* at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997).
[43] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).
[44] *Id.* at 124.
[45] *Harrington*, 562 U.S. at 105.
[46] *Id.* (internal quotations and citations omitted).

Here, Duda filed a state postconviction petition arguing that his plea counsel failed to file a direct appeal despite his repeated requests. Relevant to the inquiry is whether the conviction follows a trial or a guilty plea.[47] A guilty plea both reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings. Even with a guilty plea, counsel has a constitutional duty to consult with a defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[48] The court must also consider factors such as whether the plea was entered with a plea agreement, whether the defendant was sentenced in accordance with the plea agreement, and whether the plea agreement waived or reserved appellate rights.[49]

Duda was charged with three counts of sexual assault with a minor under the age of 14 and eight counts of lewdness with a child under the age of 14.[50] He entered into a plea agreement and pleaded guilty to one count of attempted lewdness with a child under the age of 14 and one count of luring children or mentally ill persons with the intent to engage in sexual conduct.[51] Duda was eligible for parole; the State agreed to not oppose concurrent terms but retained the right to argue.[52] On the attempted lewdness count, the sentencing range was two to twenty years; on the luring charge, it was one to ten years.

---

[47] *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).
[48] *Id.*
[49] *Id.*
[50] ECF No. 15-7.
[51] ECF No. 15-13.
[52] ECF No. 15-14.

At the sentencing hearing, Duda's counsel emphasized that he had no criminal history and that probation on these counts would involve strict monitoring.[53] Nevertheless, the state district court sentenced Duda to terms of 48–150 months and 48–120 months, to run concurrently.[54] At the evidentiary hearing on his state postconviction petition, Duda testified that he did not ask his counsel at the conclusion of his sentencing hearing to file an appeal.[55] Duda stated that he sent counsel two letters asking her to file an appeal.[56] Duda also testified that his attorney would not accept his calls.[57]

Duda's counsel, Amy Coffee, testified at the evidentiary hearing that her original efforts to obtain a negotiated plea deal for attempted lewdness went awry because Duda "picked up a second case in which he pled and got concurrent time for child pornography."[58] She "would have explained to Mr. Duda that the chances at that point of probation were probably slim or none, but that it was still a very favorable deal for him."[59] She further testified that, generally speaking, she would not necessarily have a discussion regarding an appeal of a guilty plea.[60] She was shown a letter that Duda claimed to have sent her.[61] She testified that she did not recall ever seeing the letter.[62] She stated that she keeps meticulous client files and saves all correspondence

---

[53] ECF No. 15-15.
[54] *Id.* at 8.
[55] ECF No. 17-7 at 17–23.
[56] *Id.* at 19.
[57] *Id.*
[58] *Id.* at 4–17, 24–26.
[59] *Id.* at 12.
[60] *Id.* at 7.
[61] *Id.* at 14.
[62] *Id.* at 15.

together with the envelopes, yet she had no letters from Duda in her file.[63] She stated that the first time she was made aware that Duda wanted to appeal was when she saw his state postconviction petition.[64] She stated that consistent with her standard practice, if Duda had timely requested that she file an appeal, she would have done so, and if he had made an untimely request, she would have explained to him that he would need to file a postconviction petition.[65]

Duda also testified that he had two brass slips for the postage he requested for two letters he sent to counsel in September 2013.[66] He did not provide them to his counsel or bring them to his evidentiary hearing.[67] In a supplemental filing after the evidentiary hearing, Duda provided two brass slips.[68] Judgment of conviction was filed on August 23, 2013.[69] The slips are two date-stamped, inmate-account transaction requests dated September 2, 2013, and September 27, 2013.[70] They state that they are both for legal postage; both have the notation that they are for "notice of appeal."[71] The September 2 request appears to say "notice of appeal, to district court."[72] The September 27 request appears to say "notice of appeal, PD Amy Coffee (NOA) Dist Court Clerk."[73]

---

[63] *Id.*

[64] *Id.* at 15–16.

[65] *Id.* at 16–17.

[66] *Id.* at 19–20.

[67] *Id.* at 23–24.

[68] ECF No. 17-8.

[69] ECF No. 15-17.

[70] ECF No. 17-8.

[71] *Id.*

[72] *Id.* Duda's counsel represents that the notation is "Notice of Appeal; Pub Def Office" but the copy provided to the court is unclear.

[73] *Id.*

On redirect, Coffee testified that an inmate has to call her office collect and that the office is required to accept the call.[74] She further stated that "Duda might very well have called me I think around the same time after the sentencing in this case. I actually did a motion to return some property, return a phone. And so I believe he requested that and I filed that and that was around I believe a month or so after the sentencing. So I probably talked to Mr. Duda about the phone."[75]

The state district court denied Duda's petition after an evidentiary hearing, finding that counsel had not been ineffective.[76] The Nevada Court of Appeals affirmed the denial because it found that substantial evidence belied Duda's claim that counsel disregarded his request to file an appeal:

> After holding an evidentiary hearing, the district court found counsel did not receive communication from Duda that he wanted to appeal. Counsel testified she was very meticulous about obtaining and reviewing inmate correspondence and had she received a letter from Duda requesting an appeal, she would have immediately filed a notice of appeal as long as it was timely. Counsel also testified she received other communication from Duda during this time frame regarding a motion for return of seized properly and she filed and litigated that motion. The district court specifically found counsel to be credible. The district court concluded counsel was not ineffective for failing to file an appeal from the judgment of conviction and sentence. After reviewing the record on appeal, we conclude substantial evidence supports the decision of the district court and the district court did not err as a matter of law.[77]

The state district court heard and evaluated Duda and his counsel's testimony. The court concluded that attorney Coffee testified credibly that she kept meticulous files, had never

---

[74] *Id.* at 26.
[75] *Id.* at 25.
[76] ECF No. 17-10.
[77] ECF No. 17-19 at 3.

10

received a letter from Duda asking her to file an appeal, and that if she had received a timely request she would have filed an appeal.[78] While Duda ultimately produced two inmate-request forms that bear the notation that they were for legal postage, the forms do not definitively demonstrate that he actually ever mailed Coffee any letters regarding an appeal. Moreover, Duda's counsel was able to negotiate a favorable plea deal that significantly reduced Duda's charges and sentencing exposure, especially in light of the fact that he picked up the child-pornography charge while counsel was negotiating this case. In any event, Duda has not shown that the Nevada Court of Appeals' decision on federal ground 1 was contrary to or involved an unreasonable application of *Strickland*.[79] So I deny Duda's petition as to ground 1.

### 2. *Supplemental ground 3: Duda's sentence and the Eighth Amendment*

Duda alleges that his sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment.[80] However, the gravamen of this claim is actually that there was insufficient evidence to support the convictions. Respondents point out that this claim was not raised in Duda's state postconviction petition.[81]

Because Duda entered into a guilty plea, he can only challenge the voluntary and intelligent nature of the plea. In *Tollett v. Henderson*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[82] A claim

---

[78] ECF No. 17-10.
[79] 28 U.S.C. § 2254(d).
[80] ECF No. 11 at 9–12.
[81] *See* ECF No. 15-21.
[82] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

11

of insufficient evidence does not attack the voluntary and intelligent nature of the plea. So I deny federal habeas relief as to supplemental ground 3.

Even if I were to construe supplemental ground 3 as a claim that Duda's sentence was excessive, that claim would fail. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."[83] "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare."[84] For purposes of federal habeas review, under 28 U.S.C. § 2254(d)(1), "[a] gross proportionality principle is applicable to sentences for terms of years."[85] Thus, the federal proportionality analysis comes into play "only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."[86]

Duda cannot meet this standard. As discussed above, his plea agreement was highly favorable in comparison to the original charges. Duda agreed to the plea deal, which set forth the possible sentences. The state district court sentenced him to terms that were well within the statutory parameters[87] and ran them concurrently per the plea agreement. Duda's unreasonable belief that he would receive probation does not mean that his sentence violated his Eighth Amendment rights.

---

[83] *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); *see, e.g.*, *Solem v. Helm*, 463 U.S. 277, 303 (1983) (holding that a sentence of life imprisonment without the possibility of parole for seventh nonviolent felony violates Eighth Amendment).

[84] *Id*. at 289–90.

[85] *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

[86] *Harmelin*, 501 U.S. at 1005.

[87] NRS §§ 201.230, 201.560.

## C. Certificate of Appealability

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability. To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[88] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[89] Because I have rejected petitioner's constitutional claims on their merits, and he has not shown that this assessment of his claims is debatable or wrong, I find that a certificate of appealability is unwarranted in this case.

## Conclusion

IT IS THEREFORE ORDERED that the petition **[ECF Nos. 4 and 11] is DENIED.**

And because reasonable jurists would not find this decision to deny Duda's petition to be debatable or wrong, **a certificate of appealability is DENIED**.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: March 30, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[88] 28 U.S.C. § 2253(c).

[89] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).